John F. HERNANDEZ; Leslie R. Scales; Hunter Robin Hernandez, a minor, Plaintiffs–Appellants,

v.

REMCO HYDRAULICS, INC.; Willits Environmental Remediation Trust; M–C Industries, Inc.; Pneumo Abex Corporation; Whitman Corporation;

---

County of Mendocino; Kevin Broin, individually and in his official capacity as Sheriff Coroner; Dave Koppel, Dir. of County Health Department, Defendants–Appellees.

No. 00–15834.

D.C. CV–98–03987–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2001.

Decided May 8, 2001.

Before SCHROEDER, D.W. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellants John F. Hernandez, Leslie R. Scales, and Hunter Robinson Hernandez appeal the district court's grant of a motion to dismiss their claims under federal and state law brought after the tragic death of five-year-old Forrest Hernandez. Because the appellants do not state a claim under federal law for which relief could be granted, we affirm.

The appellants' claims brought pursuant to the citizen suit provisions of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, failed to comply with the statute's pre-filing notice requirements. *Id.* at § 6972(b)(1)(A). Pre-filing notice is "a mandatory condition precedent for suit," and failure to comply

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

compels dismissal. *Hallstrom v. Tilla-mook County,* 493 U.S. 20, 26, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989).

■ The claims brought pursuant to 42 U.S.C. § 1983 fail to allege sufficient facts to show an unconstitutional policy or custom by Mendocino County. *See Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The complaint also fails to allege unconstitutional official conduct. In order for the appellants to have a proper claim of unconstitutional denial of access to the courts, they must show that an official coverup "actually rendered all state court remedies ineffective." *Delew v. Wagner,* 143 F.3d 1219, 1222 (9th Cir.1998) (requiring that a party bring an action in state court and fail because of official misconduct before having a claim under § 1983). If the appellants had filed a wrongful death action in state court and lost because of the destruction of evidence by various officials, they may have had a colorable claim that their due process rights were violated.

■ Because the district court properly dismissed all claims over which it had original jurisdiction, it properly declined to exercise supplemental jurisdiction over the claims brought under state law. 28 U.S.C. § 1367(c)(3).

Therefore, the district court's grant of the motion to dismiss is AFFIRMED.